IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER GLENN LAKEY,<br><br>Defendant. | CR 11-75-GF-BMM<br>CR 17-04-BU-BMM<br><br><br>ORDER |

Defendant Christopher Lakey filed a Motion to Reduce Sentence. The United States responded and opposes the requested relief. (Doc. 57). Lakey bases his motion on the COVID-19 pandemic. Lakey was sentenced on March 17, 2020, to a 15-month term of imprisonment with the Bureau of Prisons (BOP). (*See* CR 17-04 Doc. 53; CR 11-75 Doc. 162). The Court also imposed an 18-month term of supervision to follow the custodial term. (*Id.*). Lakey is being held locally while awaiting transfer to a BOP facility. Based on the motion, response, and for the reasons articulated below, the Court concludes that Lakey's motion should be denied.

## DISCUSSION

The First Step Act allows a judge to consider a defendant's motion for a

1

reduction of sentence after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants behalf."  18 U.S.C. § 3582(c)(1)(A).

Lakey argues that he should be excused from the administrative exhaustion requirement and asserts that generally three bases support a waiver of exhaustion requirements: when seeking administrative remedies would be futile, when the administrative process would be incapable of granting adequate relief, or when pursuing agency review would result in undue prejudice.  (Doc. 56 at 3-4).  Lakey is not currently being held at a BOP facility and argues that this circumstance prevents him from pursuing remedies such as home confinement within the BOP's authority. (Doc. 56 at 4).

Section § 3582's exhaustion requirement proves mandatory.  *See Shaw v. Bank of America Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("statutorily-provided exhaustion requirements deprive the court of jurisdiction").  The Court remains unconvinced that Lakey has demonstrated a reason to excuse the mandatory exhaustion requirement of § 3582(c)(1)(A).  The Court concludes that it lacks the ability to review Lakey's motion because he has failed to exhaust his administrative remedies as required by § 3582(c)(1)(A).

Even if the Court waived the exhaustion requirement, the Court concludes that Lakey has not demonstrated extraordinary and compelling reasons for a

reduction of his sentence. The Court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582; *see Dillon v. United States*, 560 U.S. 817, 827 (2010). The Commission's policy is set forth in United States Sentencing Guidelines § 1B1.13. The policy provides that the Court may grant release if "extraordinary and compelling circumstances" exist "after considering the factors set forth in 18 U.S.C. § 3553(a)," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community . . ." U.S.S.G. § 1B1.13.

The application note 1 to § 1B1.13 identifies reasons that may rise to the level of justifying a reduction in sentence. The reasons provided include the following: the defendant is suffering a terminal illness; the defendant is suffering a serious medical condition, cognitive impairment, or experiencing deteriorating health due to aging that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, n.1.

The COVID-19 pandemic presents serious health concerns, particularly for inmates housed in close quarters. Governor Bullock issued a state-wide stay at home order that went into effect on March 28, 2020. The Court has issued several

administrative orders delaying certain proceedings and instituting various precautions in response to the rapid spread of COVID-19. *See* Administrative Order 20-18 (April 10, 2019); Administrative Order 20-17 (March 27, 2020). As of yet, there are no reported cases of COVID-19 at CoreCivic in Shelby or at Cascade County Detention Center. Lakey has alleged no underlying health conditions that render him particularly vulnerable to COVID-19. The Court recognizes the danger that COVID-19 poses to communities and particularly those subjected to terms of imprisonment, however, in this instance, Lakey has failed to demonstrate such "extraordinary and compelling reasons" to justify a reduction in sentence.

**IT IS ORDERED** that Lakey's Motion to Reduce Sentence (CR 17-04 Doc. 55; CR 11-75 Doc. 164) is **DENIED**.

DATED this 21st day of April, 2020.

_____
Brian Morris, Chief District Judge
United States District Court